IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROEL DELAGARZA HINOJOSA AND MARTHA BARRERA HINOJOSA, <br>   *Plaintiffs*, <br><br> v. <br><br> EQUISOLAR, INC. AND LORENZO MEZI, <br>   *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. <br> **7:23-CV-00443-RHH** <br> **JURY TRIAL DEMANDED** |

**DEFENDANT EQUISOLAR, INC.'S MOTION TO COMPEL ARBITRATION**

**TO THE HONORABLE COURT:**

  **COMES NOW, DEFENDANT, EQUISOLAR, INC.,** in the above-styled matter and files this *Defendant Equisolar, Inc.'s Motion to Compel Arbitration* (**"Motion"**). In support thereof, Defendant would respectfully show unto the Court the following:

### I. INTRODUCTION

1. This case involves a home improvement agreement between Plaintiffs Roel Delagarza Hinojosa and Martha Barrera Hinojosa (**"Plaintiffs"** or **"Mr. and Mrs. Hinojosa"**) and Defendant Equisolar, Inc. (**"Defendant"** or **"Equisolar"**) to install solar panels on Plaintiffs' residence. Defendant completed the installation on Plaintiffs' home, as per the agreement. After Defendant fully performed under the contract, Plaintiffs initiated the instant lawsuit.

2. This Court need not reach the merits of Plaintiffs' claims because it is not the proper venue for the resolution of this dispute. Plaintiffs agreed to a broad and mandatory arbitration provision in the contract entered into by both parties. Accordingly, pursuant to controlling law, Plaintiffs are required to arbitrate their claims against Equisolar, Inc. in Texas and under the laws of the State

of Texas, not the state court where they initially filed the action nor the United States District Court for the Southern District of Texas, where the case has been removed. Thus, this Court should compel Plaintiffs to arbitration.

## II.   FACTUAL BACKGROUND

3.   Equisolar is a renewable energy company that has been operating throughout California, Florida, Nevada, Texas, and Utah for over 25 years. Equisolar provides high quality products and renewable energy solutions to its residential, commercial, government and nonprofit clientele. Equisolar assists its customers in upgrading their electrical systems to benefit their needs as well as the environment's.

4.   On April 8, 2021, Plaintiffs entered into a home improvement agreement (the **"Contract"**) with Equisolar for the sale and installation of solar panels onto the roof of Plaintiffs' residence. *See* **Exhibit A**, Equisolar Inc. Home Improvement Agreement - Residential.

5.   The Contract contains a broad arbitration provision which requires all disputes between the parties to be resolved exclusively by arbitration. *Id*. at ¶ 15. The parties also explicitly agreed to waive their rights to have disputes resolved in court by a judge or jury. *Id.*

6.   On October 13, 2023, Plaintiffs filed their Original Petition in the 229th Judicial District Court in Starr County, Texas.

7.   On December 11, 2023, Defendant filed its Original Answer in the 229th Judicial District Court in Starr County, Texas.

8.   On December 18, 2023, Defendant removed the case to the United States District Court for the Southern District of Texas, McAllen Division.

### III. ARGUMENTS AND AUTHORITIES

9. Under the Federal Arbitration Act **("FAA")**, written agreements to settle controversies by arbitration are valid and irrevocable. 9 U.S.C. § 2. The Supreme Court has made clear that the Federal Arbitration Act (**"FAA"**) reflects a "liberal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2010) (citation omitted). Indeed, the United States Federal Arbitration Act sets forth a framework that strongly encourages the broad enforcement of arbitration provisions. *See* 9 U.S.C. § 2 ("A written provision in... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof... shall be valid, irrevocable, and enforceable."). To be clear, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citations omitted). As such, courts are vested with the authority under the Federal Arbitration. Act to compel parties to arbitrate. *See* 9 U.S.C. § 4. "Accordingly, parties to such agreements cannot avoid them by casting their claims in tort, rather than in contract." *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000) (citations omitted).

10. "Determining whether the parties agreed to arbitrate the dispute in question involves two considerations: (1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F. 3d 1061, 1065 (5th Cir. 1998) (citations omitted). The Court must "resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration... [A]rbitration should not be denied 'unless it can be said with positive assurance that

an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (citations omitted).

11. On April 8, 2021, Mr. and Mrs. Hinojosa entered into the Contract with Equisolar containing the following provisions:

> **ARBITRATION OF DISPUTES**
>
> PLEASE READ THIS SECTION CAREFULLY. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.
>
> The laws of the state where your Home is located shall govern this Agreement without giving effect to conflict of laws principles. We agree that any dispute, claim or disagreement between us (a "Dispute") shall be resolved exclusively by arbitration.
>
> The arbitration, including the selecting of the arbitrator, will be administered by JAMS, under its Streamlined Arbitration Rules (the "Rules") by a single neutral arbitrator agreed on by the parties within thirty (30) days of the commencement of the arbitration. The arbitration will be governed by the Federal Arbitration Act (Title 9 of the U.S. Code)...

Ex. A ¶ 15.

12. The instant arbitration clause is a broad arbitration clause that covers "any dispute, claim or disagreement" between the parties. Accordingly, all of Plaintiffs' claims against Defendant are covered within the scope of the arbitration agreement because the broad language of the clause in question proves that the parties intended "the clause to reach all aspects of the relationship." *See Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.,* 138 F.3d 160, 164-65 (5th Cir. 1998).

13. Despite the clear, unambiguous language of this arbitration provision, Mr. and Mrs. Hinojosa nonetheless filed a lawsuit against Equisolar in the 229th Judicial District Court in Starr County, Texas.

14. This is a simple matter. Mr. and Mrs. Hinojosa entered into the Contract with Equisolar, and that agreement contains an explicit, far-reaching arbitration clause. Mr. and Mrs. Hinojosa's Petition is clear that their claims all relate to the Contract. Accordingly, under the terms of the Contract and controlling law, Mr. and Mrs. Hinojosa are required to arbitrate their claims. As such, this Court should compel this lawsuit to arbitration.

## IV.   CONCLUSION

15. The parties previously agreed to arbitrate the claims asserted herein by Plaintiffs, however Plaintiffs instead filed the instant lawsuit. Because a valid arbitration agreement exists and the claims raised are within the scope of the arbitration agreement, this Court should compel Plaintiffs to submit to arbitration and summarily dismiss this suit against Defendant Equisolar.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Equisolar, Inc., requests that this Court grant its Motion to Compel Arbitration, order the parties to arbitrate all claims, and stay this action pending arbitration, and for such other and further relief, both general and special, at law or in equity, to which it may show itself to be justly entitled.

Dated:  March 29, 2024.

Respectfully submitted,

By: /s/ *Lema Mousilli*
LEMA MOUSILLI
Attorney-in-charge
State Bar No. 24056016
S.D. Texas Bar No. 1358290
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565
litigation@lloydmousilli.com

**ATTORNEYS FOR DEFENDANT,**
**EQUISOLAR, INC.**

**CERTIFICATE OF CONFERENCE**

I, Lema Mousilli, counsel for Defendant, Equisolar, Inc., hereby certify that on March 25, 2024, I conferred with opposing counsel, and opposing counsel is opposed to the instant filing.

*/s/ Lema Mousilli*
Lema Mousilli

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **March 29, 2024,** *via electronic filing system* on the following:

Brandon A. Kinard
Abraham Garcia
Carlos A. Saldana
KGS LAW GROUP
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
*kgs@kgslawgroup.com*
Attorneys for Plaintiff

*/s/ Lema Mousilli*
Lema Mousilli
