## EQUISOLAR INC. HOME IMPROVEMENT AGREEMENT – RESIDENTIAL

CA CSLB 1006535, FL EC13006841/ TX TDLR 33063 /NM 399050

Date of Execution: 04/08/21   Salesperson: Lorenzo N/A   Registration/License Number: _____

Customer Name / Homeowner: ROEL HINOJOSA
Customer Name / Co - Homeowner: MARTHA HINOJOSA

Phone Number / Homeowner: 956-884-5822
Phone Number / Co - Homeowner: 956-353-9378

Email Address / Homeowner: MARTHA3H1958@gmail.com
Email Address / Co - Homeowner: MARTHA3H1958@gmail.com

Customer Address (Street): 19 ROEL DR   (City): ROMA   (State): TX   (Zip): 78584

Installation Address (Street): 19 ROEL DR   (City): ROMA   (State): TX   (Zip): 78584

Your EQUISOLAR INC. Purchase Agreement Details: 25 Years Manufacturer's Warranty

Contract Price        $ 42735

This Solar Home Improvement Agreement (this "**Agreement**") is between Equisolar Inc. ("**Equisolar**", "**we**" or "**Contractor**") and you ("**Customer**") for the sale and installation of the solar system described below (the "**Project**" or the "**System**") at your home (the "**Property**" or your "**Home**"). We look forward to helping you produce clean, renewable solar energy at your Home. The Parties agree as follows:

KEY TERMS AND CONDITIONS

1. **DESCRIPTION OF THE PROJECT AND DESCRIPTION OF THE SIGNIFICANT MATERIALS TO BE USED AND EQUIPMENT TO BE INSTALLED.**

   Sale and installation of a ____8.295____ kW DC photovoltaic system consisting of PV modules, corresponding inverter(s) and a mounting system designed for installation.

2. **CONTRACT PRICE.** The Contract Price for the Project is $ __42735__.

   The Contract Price is subject to any change orders agreed to in writing by both parties.

1

EXHIBIT A

## 4. SCHEDULE OF PROGRESS PAYMENTS

| PAYMENT | TIMING | AMOUNT | DATE | NOTES |
|---|---|---|---|---|
| Payment 1 | Due When Project Begins | $ | | pre-engineering, site assessment |
| Payment 2 | Due after site assessment | $ | | engineering, structural calculations, blueprints, permits, materials |
| Payment 3 | Due upon permit approval | $ | | materials, labor |
| Final Payment | Due Upon Completion of Install | $ | | final payment upon completion |
| Total System Cost | | $ 42735 | | (includes any applicable sales tax) |

* If you are financing your System through one of our financing partners, the timing and amount of your payments (and any applicable interest accrued) will be subject to the terms and conditions of your agreement with your financier. If your financier fails to make payment on your behalf, or you terminate your financing, you will remain obligated to make payment under the terms of this Agreement.

I acknowledge I have read Section 4.

Customer's initials: R. H

Customer's initials: MH

3

GENERAL TERMS AND CONDITIONS

THIS AGREEMENT SUPERSEDES ALL PRIOR EXISTING CONTRACTS BETWEEN YOU AND EQUISOLAR INC. THAT PERTAIN TO THE "SYSTEM" DEFINED IN THIS AGREEMENT.

1. **CHANGES, PERMITS, REBATES, INCENTIVES**

(EQUISOLAR INC) will have the right to terminate this Agreement, without penalty or fee, if EQUISOLAR INC. determines after the site survey of your Home that it has misestimated by more than ten percent (10%) any of (i) the System size, (ii) the System's total cost or (iii) the System's annual production. Such termination right will expire at the earlier of (i) one (1) week prior to your scheduled System installation date and (ii) one (1) month after we inform you in writing of the revised size, cost or production estimate. Any changes to the system will be documented in a written amendment to this Agreement signed by both you and EQUISOLAR INC. You authorize Equisolar to make corrections to the utility and incentive paperwork to conform to this agreement or any amendments to this Agreement we both sign. If you are financing your System, EQUISOLAR INC's obligation to install the System is conditioned on EQUISOLAR INC's confirmation that you have obtained financing for the System. EQUISOLAR INC may terminate this Agreement without liability if, in its reasonable judgment, this condition will not be satisfied. You acknowledge that the System equipment and materials we will furnish and install are subject to cost increases. We will hold the Contract Price for three (3) months after the date of this Agreement. After three (3) months, if the cost of any System equipment or material rises by any unusual amount because of circumstances beyond EQUISOLAR INC's control, including but not limited to market price fluctuation or a site audit that reveals the need for additional materials or labor, then EQUISOLAR INC. shall have the right to present you with a change order for the System equipment with a new price. You will have the right to accept or reject this new price and get your deposit, if any, back. If you do not accept the new price, Equisolar shall have the right to terminate this Agreement and issue you a full refund, upon which the parties shall have no further obligations to one another. Equisolar will obtain any necessary permits, at EQUISOLAR INC's cost. EQUISOLAR INC shall not be responsible for delays in work due to the actions of any permitting and regulatory agencies or their employees. You will pay Equisolar for any taxes or assessments required by federal, state or local governments or related regulatory agencies or utilities. The rebate and incentive calculations EQUISOLAR INC provides to Customer are estimates. These estimates are based on certain assumptions that may not be applicable based on the circumstances specific to the Project. However, actual rebates and incentives are variable as eligibility requirements, funding availability, and rates may change. EQUISOLAR INC will use good faith reasonable efforts to help Customer secure applicable rebates and incentives, but EQUISOLAR INC shall have no financial obligation to Customer regarding actual rebate, tax credit and incentive amounts received. Customer agrees to pay the Contract Price in full regardless of the actual amount of rebates, tax credits and/or incentives received.

## 2. NOTE ABOUT EXTRA WORK AND CHANGE ORDERS

Extra Work and Change Orders become part of the contract once the order is prepared in writing and signed by the parties prior to commencement of work covered by the new change order. You may not require a contractor to perform extra or change-order work without providing written authorization prior to the commencement of work covered by the new change order. Extra work or a change order is not enforceable against you unless the change order also identifies all of the following in writing prior to the commencement of work covered by the new change order:(i) the scope of the extra work or change, (ii) the cost to be added or subtracted from the contract; and (iii) the effect the order will have on the schedule of progress payments or the completion date. Notwithstanding this provision, the Contractor shall have the right to substitute System equipment without Customer's agreement, so long as that substitution adds no extra cost to the project and does not materially affect the System's performance. The Contractor's failure to comply with the requirements of this paragraph does not preclude the recovery of compensation for work performed based on legal or equitable remedies designed to prevent unjust enrichment.

## 3. PROPERTY CONDITIONS

You will be responsible for the structural integrity of the location where the System is installed, including structural or electrical modifications necessary to prepare your Property for the System. You agree that EQUISOLAR INC is not responsible for any known or unknown Property conditions.

## 4. EXISTING CONDITIONS

EQUISOLAR INC is not responsible and bears no liability for the malfunctioning of existing electrical equipment at the Property, including but not limited to the main electrical service panel, any major electrical devices, or any other fuses or similar devices.

## 5. COST OR DELAY DUE TO UNFORESEEN CONDITIONS

EQUISOLAR INC is not responsible for failures, delays or expenses related to unanticipated, unusual, or unforeseen conditions at the Property arising out of conditions beyond EQUISOLAR INC's reasonable control (all of which shall be considered **"Force Majeure Events"**). Performance times under this Agreement will be considered extended for a period of time equivalent to the time lost due to such conditions. If EQUISOLAR INC discovers unforeseen conditions requiring additional cost, then EQUISOLAR INC shall present such costs to you and get your written approval before beginning or continuing performance. **Failure to provide such approval may result in EQUISOLAR INC exercising its termination rights pursuant to Section 8 of this Agreement.**

6. **PROPERTY ACCESS**

    You grant to EQUISOLAR INC and its employees, agents and contractors the right to reasonably access all of the Property as necessary for the purposes of (A) installing, constructing, operating, repairing, removing and replacing the System or making any additions to the System; (B) installing, using and maintaining electric lines and inverters and meters, necessary to interconnect the System to your electric system at the Property and/or to the utility's electric distribution system; or (C) taking any other action reasonably necessary in connection with the construction, installation, operation, maintenance, removal or repair of the System.

7. **TERMINATION AND DEFAULT**

    EQUISOLAR INC may terminate this Agreement, upon seven (7) days written notice, for any material or non-material breach, for any failure of Customer to agree to an appropriate change order, for any failure of Customer to pay EQUISOLAR INC any amount due, for any bankruptcy or financial distress of Customer, or for any hindrance to EQUISOLAR INC in the performance process.

8. **REMEDIES UPON CUSTOMER'S BREACH**

    Without limiting any of EQUISOLAR INC's other rights and remedies, upon any breach by Customer, including any failure of Customer to pay EQUISOLAR INC any amount due, EQUISOLAR INC has the right to: (i) pursue a stop work order at the Property; (ii) prevent any more work from being done at the Property until the breach is cured and a bond is posted by the Customer for any amounts payable under this Agreement; (iii) recover all amounts due under this Agreement for services provided through the date of termination including interest (prime + 2% or such amount as allowed by law); (iv) remove any Project materials or equipment from the Property; and (v) any other legal remedies including but not limited to mechanics liens or similar remedies. If you are financing the System, you specifically agree that Equisolar may disable the System upon request from your financier if you are in default under your agreement with your financier. (vi) Customer understands and agrees that if this agreement is canceled after the rescission (3 days of signing date) period (OR) after measurements and/or materials have been ordered for the work to be performed, that the Homeowner(s) is liable for twenty-five percent (25%) minimum of the total sales price and/or the total cost of the materials, cost of all labor, equipment, and permits already furnished and/or materials custom ordered that have been put into production, whether completed or just started, as damages to EQUISOLAR INC. If any of the following occur from any cause beyond EQUISOLAR INC control as to make it impractical to complete the work, then either party may elect to cancel the work without liability except that the Customer agrees to pay EQUISOLAR INC an amount equal to the actual cost of all labor, materials, equipment and permits already furnished plus 25% of the cost thereof: (a) substantial damages to the work, (b) destruction of or substantial damages to the premises or structures thereon, or (c) the work is ordered terminated by public authority. If the work is not canceled or ordered terminated, all work necessary to replace work already performed shall be considered additional work to be paid for by the proceeding sentence.

Customer's initials: _RH_

Customer's initials: _MH_

### 9  MECHANICS' LIEN RELEASES

Upon satisfactory payment for any portion of the work performed, EQUISOLAR INC shall, prior to any further payment, furnish to Customer a full and unconditional release from any potential lien Claimant claim or mechanics' lien pursuant to Sections 8400 and 8404 of the California Civil Code for that portion of the work for which payment has been made.

### 10. EQUISOLAR INC'S INSURANCE

EQUISOLAR INC carries the following insurances applicable to the work being performed under this Agreement:

**Commercial General Liability Insurance (CGL).**

EQUISOLAR INC carries commercial general liability insurance with coverage amounts that meet or exceed those required by law.

**Workers' Compensation Insurance**.

EQUISOLAR INC carries workers' compensation insurance for all employees in compliance with law.

### 11. INDEMNIFICATION

Both parties shall indemnify, defend and hold harmless the other and its employees, officers, directors, agents and assigns from any and all third party claims, actions, costs, expenses (including reasonable attorneys' fees and expenses), damages, liabilities, penalties, losses, obligations, demands and liens of any kind arising out of or relating to its failure to perform its obligations under this Agreement. Neither party shall be required to indemnify the other for its own negligence, willful misconduct or fraud.

### 12. GOVERNING LAW

The laws of the state where your Home is located shall govern this Agreement without giving effect to conflict of laws principles.

### 13. ENTIRE AGREEMENT

This Agreement contains the parties' entire agreement regarding the Project. There are no other agreements regarding this Agreement, either written or spoken. Any change to this Agreement must be in writing and signed by both parties. Only an authorized officer of EQUISOLAR INC may execute any change to this Agreement on behalf of EQUISOLAR INC. If any portion of this Agreement is determined to be unenforceable or invalid, the remaining provisions shall be enforced in accordance with their terms or shall be interpreted or re-written so as to make them enforceable. Provisions that should reasonably be considered to survive termination of this Agreement shall survive. EQUISOLAR INC may assign or subcontract any of its rights or obligations under this Agreement to any successor, partner or purchaser.

## 14. PRIVACY/PUBLICITY

You grant EQUISOLAR INC the right to publicly use, display, share, and advertise the photographic images, Project details, price and any other non-personally identifying information of your Project. You may optout of these publicity rights by giving us written notice and mailing it to: Equisolar Inc., Attention: Publicity Opt Out, 16530 Ventura Blvd. Suite 104, Encino, CA 91436. Equisolar shall not share your personally identifiable information or any data associating you with the Project location without your consent. If you are financing your System, you consent to (1) EQUISOLAR INC providing your financier with this Agreement, the interconnection agreement and other documents from your utility, copies of permits, System energy production data and any other data or documents related to your System requested by your financier, and (2) your financier providing EQUISOLAR INC with your loan status and payment history associated with your financing of the System.

## 15. ARBITRATION OF DISPUTES

PLEASE READ THIS SECTION CAREFULLY. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.

The laws of the state where your Home is located shall govern this Agreement without giving effect to conflict of laws principles. We agree that any dispute, claim or disagreement between us (a "Dispute") shall be resolved exclusively by arbitration.

The arbitration, including the selecting of the arbitrator, will be administered by JAMS, under its Streamlined Arbitration Rules (the "Rules") by a single neutral arbitrator agreed on by the parties within thirty (30) days of the commencement of the arbitration. The arbitration will be governed by the Federal Arbitration Act (Title 9 of the U.S. Code). Either party may initiate the arbitration process by filing the necessary forms with JAMS. To learn more about arbitration, you can call any JAMS office or review the materials at www.jamsadr.com. The arbitration shall be held in the location that is most convenient to your Home. If a JAMS office does not exist in the county where you live, then we will use another accredited arbitration provider with offices close to your Home. Homeowner(s) and EQUISOLAR INC agree that in the event of any dispute arising in connection herewith, each party shall bear their own attorney's fees and costs, regardless of who is determined to be the prevailing party. Only Disputes involving you and EQUISOLAR INC may be addressed in the arbitration. Disputes must be brought in the name of an individual person or entity and must proceed on an individual (non-class, non-representative) basis. The arbitrator will not award relief for or against anyone who is not a party. If either of us arbitrates a Dispute, neither of us, nor any other person, may pursue the Dispute in arbitration as a class action, class arbitration, private attorney general action or other representative action, nor may any such Dispute be pursued on your or our behalf in any litigation in any court. Claims regarding any Dispute and remedies sought as part of a class action, class arbitration, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non- class, non-representative) basis. This means that the arbitration may not address disputes involving other persons with disputes similar to the Disputes between you and EQUISOLAR INC.

8

The arbitrator shall have the authority to award any legal or equitable remedy or relief that a court could order or grant under this agreement. The arbitrator, however, is not authorized to change or alter the terms of this agreement or to make any award that would extend to any transaction other than yours. All statutes of limitations that are applicable to any dispute shall apply to any arbitration between us. The Arbitrator will issue a decision or award in writing, briefly stating the essential findings of fact and conclusions of law. BECAUSE YOU AND WE HAVE AGREED TO ARBITRATE ALL DISPUTES, NEITHER OF US WILL HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT, OR TO HAVE A JURY TRIAL ON THAT DISPUTE, OR ENGAGE IN DISCOVERY EXCEPT AS PROVIDED FOR IN THE RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS PERTAINING TO ANY DISPUTE. THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING ON THE PARTIES AND MAY BE ENTERED AND ENFORCED IN ANY COURT HAVING JURISDICTION, EXCEPT TO THE EXTENT IT IS SUBJECT TO REVIEW IN ACCORDANCE WITH APPLICABLE LAW GOVERNING ARBITRATION AWARDS. OTHER RIGHTS THAT YOU OR WE WOULD HAVE IN COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

## 16  LIMITED WARRANTY

YOU UNDERSTAND THAT OUR WORK IS WARRANTIED UNDER THE TERMS OF EXHIBIT 2, AND THAT THERE ARE NO OTHER REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY, FITNESS FOR ANY PURPOSE, CONDITION, DESIGN, CAPACITY, SUITABILITY OR PERFORMANCE OF THE PROJECT OR ITS INSTALLATION. UPON RECEIPT OF PAYMENT IN FULL OF THE CONTRACT PRICE, ALL WARRANTIES THAT ARE PROVIDED BY MANUFACTURERS OF EQUIPMENT USED IN THE PROJECT ("MANUFACTURER'S WARRANTIES") WILL BE TRANSFERRED DIRECTLY TO YOU. YOU UNDERSTAND THAT EQUISOLAR INC HAS NO RESPONSIBILITY WITH RESPECT TO SUCH WARRANTIES OTHER THAN TO TRANSFER THEM TO YOU.

## 17. LIMITATION OF LIABILITY.

**No Consequential Damages**. EACH PARTY'S LIABILITY TO THE OTHER UNDER THIS AGREEMENT SHALL BE LIMITED TO DIRECT, ACTUAL DAMAGES ONLY. WE BOTH AGREE THAT IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR CONSEQUENTIAL INCIDENTAL, PUNITIVE, EXEMPLARY, SPECIAL OR INDIRECT DAMAGES. **Actual Damages**. Neither party's liability to the other will exceed the total contract price, including without limitation, damages to your Home or Property during the performance of the Project or resulting from the Project.

EXCEPTING THE OTHER PROVISIONS UNDER THIS HEADING, EQUISOLAR INC DISCLAIMS AND CUSTOMER WAIVES ALL EXPRESS OR IMPLIED WARRANTIES INCLUDING (WITHOUT LIMITATION) ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. EQUISOLAR INC SHALL NOT BE LIABLE TO CUSTOMER UNDER THIS WARRANTY IF AN ALLEGED DEFECT IN ANY WORK OR EQUIPMENT WAS CAUSED BY CUSTOMER'S OR ANY THIRD PERSON'S (FOR WHOM EQUISOLAR INC IS NOT RESPONSIBLE AS PROVIDED HEREIN) MISUSE, NEGLECT, UNAUTHORIZED ATTEMPTS TO REPAIR, OR ANY OTHER CAUSE BEYOND THE RANGE OF THE INTENDED USE, OR BY ACCIDENT, FIRE, LIGHTNING OR OTHER HAZARD.

# EQUISOLAR, INC COPY
## NOTICE OF CANCELLATION

**Date of Transaction:**

You may **CANCEL** this transaction, without any penalty or obligation, within **THREE BUSINESS DAYS** from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale and any negotiable instrument executed by you will be returned within **TEN DAYS** following receipt by the seller (Equisolar Inc.) of your cancellation notice, and any security interest arising out of the transaction will be canceled. If you cancel, you must make available to the seller (Equisolar Inc.) at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller (Equisolar Inc.) regarding the return shipment of the goods at the seller's (Equisolar Inc.'s) expense and risk. If you fail to make the goods available to the seller (Equisolar Inc.), or if you agree to return the goods to the seller (Equisolar Inc.) and fail to do so, then you remain liable for performance of all obligations under the contract. Homeowner(s) understands and agrees that if this agreement is canceled after rescission period and after measurements and/or materials have been ordered for the work to be performed, that the Homeowner(s) is liable for twenty-five percent (25%) minimum of the total sales price and/or the total cost of the materials, cost of all labor, equipment, and permits already furnished and/or materials custom ordered that have been put into production, whether completed or just started, as damages to EQUISOLAR INC. If any of the following occur from any cause beyond EQUISOLAR INC control as to make it impractical to complete the work, then either party may elect to cancel the work without liability except that Homeowner(s) agrees to pay EQUISOLAR INC an amount equal to the actual cost of all labor, materials, equipment and permits already furnished plus 25% of the cost thereof: (a) substantial damages to the work, (b) destruction of or substantial damages to the premises or structures thereon, or (c) the work is ordered terminated by public authority. If the work is not canceled or ordered terminated, all work necessary to replace work already performed shall be considered additional work to be paid for by the proceeding sentence.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice, or any other written notice, to Equisolar Inc., Customer Care, 16530 Ventura Blvd. Suite 104, Encino, CA 91436 **NO LATER THAN MIDNIGHT of**_____.

I,_____, hereby cancel this transaction on(Date)_____.

Customer Signature: _____

Customer Signature: _____

## CUSTOMER COPY
### NOTICE OF CANCELLATION

**Date of Transaction:**

You may CANCEL this transaction, without any penalty or obligation, within THREE BUSINESS DAYS from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale and any negotiable instrument executed by you will be returned within TEN DAYS following receipt by the seller (Equisolar Inc.) of your cancellation notice, and any security interest arising out of the transaction will be canceled. If you cancel, you must make available to the seller (Equisolar Inc.) at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller (Equisolar Inc.) regarding the return shipment of the goods at the seller's (Equisolar Inc.'s) expense and risk. If you fail to make the goods available to the seller (Equisolar Inc.), or if you agree to return the goods to the seller (Equisolar Inc.) and fail to do so, then you remain liable for performance of all obligations under the contract. Homeowner(s) understands and agrees that if this agreement is canceled after rescission period and after measurements and/or materials have been ordered for the work to be performed, that the Homeowner(s) is liable for twenty-five percent (25%) minimum of the total sales price and/or the total cost of the materials, cost of all labor, equipment, and permits already furnished and/or materials custom ordered that have been put into production, whether completed or just started, as damages to EQUISOLAR INC. If any of the following occur from any cause beyond EQUISOLAR INC control as to make it impractical to complete the work, then either party may elect to cancel the work without liability except that Homeowner(s) agrees to pay EQUISOLAR INC an amount equal to the actual cost of all labor, materials, equipment and permits already furnished plus 25% of the cost thereof: (a) substantial damages to the work, (b) destruction of or substantial damages to the premises or structures thereon, or (c) the work is ordered terminated by public authority. If the work is not canceled or ordered terminated, all work necessary to replace work already performed shall be considered additional work to be paid for by the proceeding sentence.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice, or any other written notice, to Equisolar Inc., Customer Care, 16530 Ventura Blvd. Suite 104, Encino, CA 91436 NO LATER THAN MIDNIGHT of_____.

I,_____, hereby cancel this transaction on(Date)_____.


Customer Signature: _____


Customer Signature: _____

12

PERFORMANCE GUARANTEE AND LIMITED WARRANTY

1. **INTRODUCTION**

   This Performance Guarantee and Limited Warranty (this "<u>Limited Warranty</u>") is Equisolar Inc.'s ("**Equisolar**" or "**we**") agreement to provide you ("Customer") warranties on the System you purchased under the Agreement. The System will be professionally installed by EQUISOLAR INC at the address you listed in the Agreement. We will refer to the installation location as your "Property" or your "Home." This Limited Warranty begins when we start the survey of your Home for the System and expires 12 months from completion of installation (the "Warranty Period"), except as otherwise specified.

2. **LIMITED WARRANTIES, PERFORMANCE GUARANTEE Limited Warranties**

   - **Installation Warranty:** Our installation of the System will be free from defects in workmanship for the full Warranty Period;
   - **Roof Warranty:** All roof penetrations we make for your System will be watertight. This warranty will run the longer of (a) the first ten (12) months of the Warranty Period or (b) the length of any existing installation warranty or new home builder performance standard for your roof (the "Roof Warranty Period");

   - **Damage Warranty:** We will repair damage we cause to your Home, your belongings or your property or pay you for the damage we cause, as limited by Section 7, for the full Warranty Period (except damages that result from our roof penetrations, which damages are covered for the Roof Warranty Period).

   Under these warranties EQUISOLAR INC will (as applicable) repair or replace any damage, defective part, material or component or correct any defective workmanship, at no cost or expense to you (including all labor costs), when you submit a valid claim to us under this Limited Warranty. EQUISOLAR INC may use new or reconditioned parts when making repairs or replacements. EQUISOLAR INC may also, at its sole election and at no additional cost to you, upgrade or add to any part of the System to ensure that it performs according to the guarantees set forth in this Limited Warranty. Cosmetic repairs that do not involve safety or performance shall be made at EQUISOLAR INC's discretion. If you have a claim under any of the
   Manufacturer's Warranties during the Warranty Period, at your request EQUISOLAR INC will make this claim on your behalf and at no additional cost perform any related labor associated with repairing the System.

   **Making a Claim; Transferring this Warranty**
   **Claims Process** - You can make a claim by: emailing us at, customercare@equisolar.com; writing us a letter and sending it overnight mail; or sending us a fax at 818-784-2315.
   **Transferable Limited Warranty**: EQUISOLAR INC will accept and honor any valid and properly submitted Warranty claim made during the Warranty Period by any person who purchases the System from you.

   **Exclusions and Disclaimer:**
   The limited warranties and guarantee provided in this Limited Warranty do not apply to any lost power production or any repair, replacement or correction of the System that result from the following: materials and equipment covered by Manufacturer's Warranties; someone other than EQUISOLAR INC or its approved service providers installed, removed, re-installed or repaired the System (including, but not limited to, damaging the System during such work); your failure to perform, or breach of, your obligations under this Limited Warranty, including not reporting System failure or damage, your being unavailable to provide access or assistance to us in diagnosing or repairing a problem, or your failing to maintain the System as stated in the Solar Operation and Maintenance Guide, or you modify or alter the System; shading from foliage that is new growth or is not kept trimmed to its appearance as of the date the System was installed; any System failure or lost or diminished performance that results from your actions, omissions or request (e.g. the System is not producing power because it has been removed to make roof repairs or you have required us to locate the inverter in a non-shaded area); theft or vandalism of the System; any negligence or willful misconduct by you, your agents or representatives; your failure to comply

13

with the terms of, or cooperate with Equisolar during, the warranty claim process; any Force Majeure Event (as defined below); damage to your Home, belongings or property that results from our roof penetrations after the end of the Roof Warranty Period; damage or loss to the System due to ball strikes, and any and all negligence in ensuring and maintaining System power and operation.

Any cash payout to you is limited to the payouts described in Section 2(b) of this Limited Warranty. EQUISOLAR INC will not make cash payments for any System damage. Rather, it will make System repairs as provided in this Limited Warranty. This Limited Warranty gives you specific rights, and you may also have other rights which vary from state to state. This Limited Warranty does not warrant any specific electrical performance of the System, other than that described above. Snow or ice may accumulate on rooftops and on solar panels during snow storms. Accumulated snow or ice may slide or fall, resulting in property damage or bodily harm. If and when conditions safely allow you to remove accumulated snow or ice, you should do so to reduce the likelihood of excess snow sliding or falling. The limited warranties described in sections 2(a) above are the only express warranties made by EQUISOLAR INC with respect to the system. EQUISOLAR INC hereby disclaims, and any beneficiary of this limited warranty hereby waives, any warranty with respect to any cost savings from using the system. Some states do not allow such limitations, so the above limitations may not apply to you.

### 3. YOUR ADDITIONAL OBLIGATIONS

(a) You grant to EQUISOLAR INC and its employees, agents and contractors the right to reasonably access all of the Property as necessary for the purposes of compliance with this Limited Warranty.

(b) If you want to make any repairs or improvements to the Property that could interfere with the System (such as repairing the roof where the System is located), you may only remove and replace the System pursuant to Section 5 of this Limited Warranty.

(c) During the Warranty Period you agree: to only have the System repaired pursuant to the Limited Warranty and reasonably cooperate when repairs are being made; to keep trees, bushes and hedges trimmed so that the System receives as much sunlight as it did when EQUISOLAR INC installed it; to keep the panels clean, pursuant to this Limited Warranty and the Solar Operation and Maintenance Guide; to not modify your Home in a way that shades the System; to be responsible for any conditions at your Home that affect the installation (e.g. blocking access to the roof or removing a tree that is in the way); to not remove any markings or identification tags on the System; to permit EQUISOLAR INC, after we give you reasonable notice, to inspect the System for proper operation as we reasonably determine necessary; to not do anything, permit or allow to exist any condition or circumstance that would cause the System not to operate as intended at the Property; to notify EQUISOLAR INC if you think the System is damaged, appears unsafe or is stolen; and that you will not make any modifications, improvements, revisions or additions to the System or take any other action that could void the Limited Warranty on the System without EQUISOLAR INC's prior written consent.

### 4. EQUISOLAR INC'S STANDARDS

For the purpose of this Limited Warranty the standards for our performance will be (i) normal professional standards of performance within the solar photovoltaic power generation industry in the relevant market; and (ii) Prudent Electrical Practices. "Prudent Electrical Practices" means those practices, as changed from time to time, that are engaged in or approved by a significant portion of the solar power electrical generation industry operating in the United States to operate electric equipment lawfully and with reasonable safety, dependability, efficiency and economy.

14

5. **SYSTEM REPAIR, REMOVAL AND REINSTALLATION – CUSTOMER MUST BE CURRENT ON ANY LOAN OBLIGATIONS**

   (a) You agree that if (i) the System needs any repairs that are not the responsibility of EQUISOLAR INC under this Limited Warranty or (ii) the System needs to be removed and reinstalled to facilitate remodeling of your Home, you will have EQUISOLAR INC, or another similarly qualified service provider, at your expense, perform such repairs or removal and reinstallation.

   (b) EQUISOLAR INC will remove the System from your roof while roof repairs are being made and reinstall the System after roof repairs are completed for a competitive price. You will need to provide storage space for the System during such time. If we reinstall your System, the Roof Warranty will restart at the completion of reinstallation and run for one (1) year from reinstallation. EQUISOLAR INC's obligations under this Section 5(b) are contingent on your compliance with the terms of the Agreement.

   (c) It is the obligation of the Customer to always remain current on making payments on their loan that financed the purchase of the solar system, otherwise the customer will be in breach of their loan agreement. EQUISOLAR INC reserves the right to refrain from agreeing to perform or hiring others to perform any service calls on a Customer's solar system if the Customer is not current on their loan and owes outstanding payments. Once the Customer gets current on their loan payments, EQUISOLAR INC will consider agreeing to a service call if warranted, although as stated above, any repairs that are not the responsibility of EQUISOLAR INC under this Limited Warranty are at the Customer's sole expense.

6. **FORCE MAJEURE**

   If EQUISOLAR INC is unable to perform all or some of its obligations under this Limited Warranty because of a Force Majeure Event, EQUISOLAR INC will be excused from whatever performance is affected by the Force Majeure Event, provided that:

   - EQUISOLAR INC, as soon as is reasonably practical, gives you notice describing the Force Majeure Event;

   - EQUISOLAR INC's suspension of its obligations is of no greater scope and of no longer duration than is required by the Force Majeure o Event (i.e. when a Force Majeure Event is over, we will make repairs); and

   - No EQUISOLAR INC obligation that arose before the Force Majeure Event that could and should have been fully performed before such Force Majeure Event is excused as a result of such Force Majeure Event.

   "Force Majeure Event" means any event, condition or circumstance beyond the control of and not caused by EQUISOLAR INC's fault or negligence. It shall include, without limitation, failure or interruption of the production, delivery or acceptance of power due to: an act of god; war (declared or undeclared); sabotage; riot; insurrection; civil unrest or disturbance; military or guerilla action; terrorism; economic sanction or embargo; civil strike, work stoppage, slow-down, or lock-out; explosion; fire; earthquake; abnormal weather condition or actions of the elements; hurricane; flood; lightning; wind; drought; animals; the binding order of any governmental authority (provided that such order has been resisted in good faith by all reasonable legal means); the failure to act on the part of any governmental authority (provided that such action has been timely requested and diligently pursued); unavailability of power from the utility grid, equipment, supplies or products (but not to the extent that any such availability of any of the foregoing results from EQUISOLAR INC's failure to have exercised reasonable diligence); power or voltage surge caused by someone other than EQUISOLAR INC including a grid supply voltage outside of the standard range specified by your utility; and failure of equipment not utilized by EQUISOLAR INC or under its control.

7. **LIMITATIONS ON LIABILITY**

   (a) **No Consequential Damages**

   You may only recover direct damages including those amounts due pursuant to sections 2 and 6 under this limited warranty, and in no event shall EQUISOLAR INC or its agents or subcontractors be liable to you or your assigns for special, indirect, punitive, exemplary, incidental or consequential damages of any nature. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation may not apply to you.

   (b) **Limitation of Duration of Implied Warranties**

   Any implied warranties, including the implied warranties of fitness for a particular purpose and merchantability arising under state law, shall in no event extend past the expiration of any warranty period in this limited warranty. Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

   (c) **Limit of Liability**

   Notwithstanding any other provision of this Limited Warranty to the contrary, Equisolar's total liability arising out of relating to this Limited Warranty shall in no event exceed the following:
   For System Replacement: the original cost of the System
   For damages to your Home, belongings and property: shall not exceed contract price.

8. **NOTICES**

   All notices under this Limited Warranty shall be made in the same manner as set forth in the Agreement to the addresses listed below:

   **TO EQUISOLAR INC:** Equisolar Inc.
   16530 Ventura Blvd. Suite 104
   Encino, CA 91436
   **Attention:** Customer Care / Warranty Claims
   Phone: 818-784-2300
   Fax: 818-784-2315
   Email: customercare@equisolar.com

   **TO YOU:** At the billing address in the Agreement or any subsequent billing address you give us.

9. **ASSIGNMENT AND TRANSFER OF THIS LIMITED WARRANTY**

   EQUISOLAR INC may assign its rights or obligations under this Limited Warranty to a third party without your consent, provided that any assignment of EQUISOLAR INC's obligations under this Limited Warranty shall be to a party professionally and financially qualified to perform such obligation. This Limited Warranty protects only the person who owns the System. Your rights and obligations under this Limited Warranty will be automatically transferred to any person who purchases the System from you. This Limited Warranty contains the parties' entire agreement regarding the limited warranty of the System.

16

**STATE SPECIFIC PROVISIONS**

**CALIFORNIA MECHANICS LIEN WARNING:**

**NOTICE TO PROPERTY OWNER: If bills are not paid in full for the labor, services, equipment, or materials furnished or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being so improved may be placed against the property even though you have paid your contractor in full. You may wish to protect yourself against this consequence by (1) requiring your contractor to furnish a signed release by the person or firm giving you this notice before making payment to your contractor or (2) any other method or device that is appropriate under the circumstances.**

Anyone who helps improve your property, but who is not paid, may record what is called a mechanics lien on your property. A mechanics lien is a claim, like a mortgage or home equity loan, made against your property and recorded with the county recorder.

Even if you pay your contractor in full, unpaid subcontractors, suppliers, and laborers who helped to improve your property may record mechanics liens and sue you in court to foreclose the lien. If a court finds the lien is valid, you could be forced to pay twice or have a court officer sell your home to pay the lien. Liens can also affect your credit.

To preserve their right to record a lien, each subcontractor and material supplier must provide you with a document called a 'Preliminary Notice.' This notice is not a lien. The purpose of the notice is to let you know that the person who sends you the notice has the right to record a lien on your property if he or she is not paid.

BE CAREFUL. The Preliminary Notice can be sent up to 20 days after the subcontractor starts work or the supplier provides material. This can be a big problem if you pay your contractor before you have received the Preliminary Notices.

You will not get Preliminary Notices from your prime contractor or from laborers who work on your project. The law assumes that you already know they are improving your property.

PROTECT YOURSELF FROM LIENS. You can protect yourself from liens by getting a list from your contractor of all the subcontractors and material suppliers that work on your project. Find out from your contractor when these subcontractors started work and when these suppliers delivered goods or materials. Then wait 20 days, paying attention to the Preliminary Notices you receive.

PAY WITH JOINT CHECKS. One way to protect yourself is to pay with a joint check. When your contractor tells you it is time to pay for the work of a subcontractor or supplier who has provided you with a Preliminary Notice, write a joint check payable to both the contractor and the subcontractor or material supplier.

17



# EQUISOLAR INC

Roof Work: _____ Air Conditioning Work: ☐Changeout ☐Duct Work ☐Furna
☐Shingle ☐Tile  SQFT: _____  ☐2 Ton ☐3 Ton ☐4 Ton

HOA Info: _____

Time of Welcome call: ____:10 ☑AM ☐PM

System will produce approximately _____ to _____ kWh per year.   CUSTOMER INITIALS  R.H / M H

If the customer applies the full tax credit towards the principal of the loan, the payments will be
$_____ per month after the 18 month promotional window.

NOTES:  System will be a roof mount

IF CUSTOMER'S ADD THE FULL TAX CREDIT TO THE PRINCIPAL OF THE LOAN AFTER 18 MONTH'S THE PAYMENT CONTINUE TO BE $1528?

Customer Signature  Roel Hinojosa       Date: 4-08-2021

Customer Signature  Martha Hinojosa    Date: 4-08-2021

19